# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

WILFRED DREXAL DAVIS                                                    PLAINTIFF

V.                          No. 3:19CV00365-DPM-JTR

DALE COOK, Sheriff;
McCLAIN, Lieutenant;
SAYER, Sergeant; and
BURNETT, Sergeant,
Mississippi County Detention                                           DEFENDANTS

## **ORDER**

Plaintiff Wilfred Drexal Davis ("Davis") has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights while he was incarcerated at the Mississippi County Detention Facility. *Doc. 2*. Before Davis may proceed with this case, the Court must screen his claims.[1]

Davis alleges that, on October 21, 2018, he learned that another prisoner was threatening to attack him. He attempted to notify Defendant Sergeant Burnett ("Burnett") through the "speaker buzzer" and by waving through the window. When

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Burnett ignored him, Davis began kicking the door. According to Davis, Burnett and Defendant Sergeant Sayer ("Sayer") entered the barracks, told him to pack his belongings, and began assaulting him. Burnett hit him in the face with his fist and Sayer hit him with an iron rod. While escorting him to another cell, they assaulted him two more times. The next morning, Davis notified a non-party officer of the incident and showed her his bruises and black eye. The officer notified Defendant Lieutenant McClain, who met him at the nurses' station, where photos were taken. Davis was taken to the hospital for x-rays on his hand. Davis also names Sheriff Dale Cook ("Cook") as a Defendant, but makes no specific factual or legal allegations against him.

Davis must provide the Court with additional information so it can complete § 1915A screening. Thus, Davis must file an Amended Complaint explaining: (1) whether, at the time of the incidents in the Complaint, he was a pretrial detainee (in jail and still awaiting trial on pending criminal charges), a convicted prisoner (serving a sentence as a result of a judgment of conviction), or in jail for other reasons; (2) how Cook *personally participated* in violating his constitutional rights; and (3) *why* he has named Defendants in their "official capacity" and his legal basis for doing so.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Davis a § 1983 complaint form that is

labeled "Amended Complaint."

2. Davis must file, **within thirty days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 18th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE